UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20594-CR-ALTMAN/REID

UNITED STATES OF AMERICA,

v.

IRAK TRINIDAD RODRIGUEZ,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    This matter is before the Court upon the Honorable Roy K. Altman's Order of Referral [ECF No. 37], to conduct a Change of Plea Hearing for Defendant Irak Trinidad Rodriguez in this case. The Court having conducted the Change of Plea Hearing on March 16, 2023, to determine whether Defendant has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit Defendant to enter a change of plea. At the outset of the hearing, Defendant was advised of his right to have these proceedings conducted by the district judge assigned to his case. Additionally, it was explained that the district judge assigned to this case would be the sentencing judge and conduct the sentencing hearing, and would make all findings and rulings concerning Defendant's sentence, and decide whether to accept the Government's recommendations as to sentencing.

    2.    Defendant was informed that he did not have to permit a federal magistrate judge to conduct the Change of Plea Hearing and could request that the Change of Plea Hearing be conducted by the district judge assigned to the case. Defendant, his attorney, and the Government all consented on the record the Undersigned conducting the hearing.

3. Further, the Undersigned inquired into whether Defendant had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. He denied any mental health or addiction issues and stated he was able to fully understand the proceedings. Based on Defendant's responses to these inquires, the Court determined Defendant was competent and able to fully understand the proceedings.

4. The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

5. The parties entered into a written plea agreement in this case. The Undersigned reviewed the plea agreement on the record and the Defendant acknowledged on the record that he had signed and understood it. Defendant pleaded guilty as to Counts One (1), Three (3), Four (4), and Six (6) of the Indictment. Count One (1) charged Defendant with a conspiracy to possess with intent to distribute and distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 846. Counts Three (3) and Four (4) charge Defendant with distribution of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1). Count Six (6) charges Defendant with attempted distribution of a substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 846. The Government agreed to seek dismissal of Counts Two (2) and Five (5), the remaining counts of the Indictment against Defendant, after sentencing.

6. The Court ensured that Defendant understood the terms of the plea agreement and that the plea agreement represented, in its entirety, the understanding Defendant has with the Government.

7. The Government stated on the record a factual basis for the entry of the plea that included all essential elements of the offenses to which Defendant is pleading guilty and any sentencing enhancement and/or aggravating factors that may be applicable. Specifically, the Court reviewed with Defendant the Government's factual proffer, to assure that a factual basis for the entry of the plea exists. Defendant assented to the accuracy of the proffer and acknowledged his participation in the offenses.

8. Further, the Court reviewed with Defendant the possible minimum and maximum penalties for the charged offenses. Defendant acknowledged that he understood these possible penalties. Defendant was further advised that the Court must impose as to Count One (1) a statutory minimum term of imprisonment of five (5) years and may impose a statutory maximum term of imprisonment of up to forty (40) years, followed by a term of supervised release of at least four (4) years and up to life. The Court further advised Defendant, that as to Count Three (3), Four (4), and Six (6), the Court may impose a maximum term of imprisonment of twenty (20) years followed by a term of supervised release of at least three (3) years and up to life. Defendant understood and acknowledged that the terms of imprisonment, if imposed to run consecutively, could total a term of imprisonment up to one hundred years. The Court also advised Defendant that in addition to a term of imprisonment and supervised released, the Court may impose a fine of up to $5,000,000.00 for Count One (1), $1,000,000.00 for Counts Three (3), Four (4), and Six (6) and may order restitution, forfeiture, and will impose a special assessment in the amount of $400.

9. Defendant acknowledged that he had reviewed the Indictment, discussed the charges against him with his attorney, and was satisfied with the legal representation he received, and had a full opportunity to discuss the facts of the case with his attorney.

10. The Court specifically reviewed the terms of the appeal waiver in Paragraph 13 of the plea agreement. Defendant acknowledged he had sufficient time to discuss the terms of the appeal waiver with his attorney and he understood it. The Court also specifically reviewed Defendant's waiver of his right in Paragraph 13a to challenge the constitutionality of the charged statutes and/or whether his conduct fell within the scope of the statutes, under 28 U.S.C. § 1291, and Defendant also acknowledged he had sufficient time to discuss the terms of the waiver with his attorney and understood it. The Court finds that Defendant's waiver of his right to appeal the sentence imposed in the case and his right to appeal his conviction in the manner described in the agreement is knowing and voluntary.

11. Based upon the foregoing and the plea colloquy conducted by the Court, its recommended that Defendant be found to have freely and voluntarily pleaded guilty as to Counts One (1), Three (3), Four (4), and Six (6) of the Indictment and that Defendant be adjudicated guilty of the offenses charged.

12. A pre-sentence investigation report is being prepared. Sentencing is set for May 24, 2023, at 1:30 p.m. before District Judge Roy K. Altman.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to Counts One (1), Three (3), Four (4), and Six (6) of the Indictment to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report may be filed with the district judge within **fourteen** (14) days of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to the Defendants' plea under Fed. R. Crim. P. 11 before the District Judge or the

Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 16th day of March, 2023.

*[signature]*

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **United States District Judge Roy K. Altman;**

**All Counsel of Record**